IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMMSCOPE TECHNOLOGIES LLC,<br><br>    Plaintiff,<br>    Counterclaim Defendant,<br><br>v.<br><br>DALI WIRELESS, INC.,<br><br>    Defendant,<br>    Counterclaim Plaintiff,<br><br>v.<br><br>COMMSCOPE CONNECTIVITY LLC,<br><br>    Counterclaim Defendant. | Civil Action No. 3:16-cv-0477-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Counterclaim Defendants' Motion to Strike Counterclaim Plaintiff's Second Amended and Third Amended Infringement Contentions. (ECF No. 98). For the reasons stated below, the Motion is **GRANTED IN PART**.

### I. Factual and Procedural Background

On February 19, 2016, Plaintiff and Counterclaim Defendant CommScope Technologies LLC filed this action for patent infringement, alleging that Defendant and Counterclaim Plaintiff Dali Wireless, Inc. ("Dali") has been advertising and selling a digital distributed antenna system that infringes on four of CommScope Technologies LLC's patents. (Pl. Am. Compl. ¶¶ 1–2, ECF No. 24). CommScope Technologies LLC's patents concern distributed antenna systems that improve and strengthen wireless signals in areas that are difficult for signals from traditional communications towers to reach. (*Id.* ¶ 9). CommScope Technologies LLC alleges that Dali's

"t-Series" digital distributed antenna systems directly and indirectly infringe on CommScope Technologies LLC's patents, and seeks injunctive relief and damages. (*Id*. ¶ 16).

On September 6, 2016, Dali asserted a counterclaim against CommScope Technologies LLC and CommScope Connectivity LLC (collectively, "CommScope") for infringement of U.S. Patent No. 9,031,521 ("the '521 patent"). (Answer, ECF No. 11). The '521 patent relates to techniques for reducing the distortion caused by amplifiers. (*Id*. at 2).

On January 13, 2017, Dali served the Preliminary Infringement Contentions for the '521 patent. (Resp. to Mot. at 2, ECF No. 108). On December 19, 2017, the Court issued its Claim Construction Order, construing several claims of the '521 patent. (ECF No. 97). On January 18, 2018, Dali served Second Amended Infringement Contentions. (Resp. to Mot. at 6). On January 26, 2018, Dali served Third Amended Infringement Contentions. (*Id*. at 8) On February 16, 2018, CommScope moved to strike the Second and Third Amended Infringement Contentions, arguing that both are untimely and exceedingly vague. (ECF No. 101).

**II. Legal Standard**

The Local Patent Rules govern the requirements for infringement contentions. *iLife Techs., Inc. v. Nintendo of Am., Inc.*, 2017 LEXIS 87769, at *61-62 (N.D. Tex. May 30, 2017). The purpose of infringement contentions is to provide notice of a plaintiff's specific theories of infringement. *Mobile Telecommunications Techs., LLC v. Blackberry Corp.*, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016). Such notice streamlines discovery and narrows the issues for trial. *Id.* The relevant Local Patent Rule, Misc. Order No. 62 requires that patent infringement contentions must include:

> Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("accused instrumentality") of each opposing party of which the party is aware. This identification must be as specific

> as possible. Each product, device, and apparatus must be identified by name or model number, if known.
>
> . . .
>
> A chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of each structure, act, or material in the accused instrumentality that performs the claimed function.

Misc. Order No. 62 ¶ 3-1(a)(2)-(3). Infringement contentions may not rely on vague, conclusory language, but are also not meant to require a party to prove its case of infringement or provide a forum for litigation of the substantive issues. *See H-W Tech., L.C. v. Apple, Inc.*, 2012 WL 3650597, at *2 (N.D. Tex. Aug. 2, 2012), *report and recommendation adopted*, 2012 WL 3656293 (N.D. Tex. Aug. 27, 2012).

Generally, an amendment to a preliminary or final infringement contention may only be made with leave from the court, and must be based on a showing of good cause and diligence. The relevant Local Patent Rule states:

> Amendment of the preliminary or final infringement contentions or the preliminary or final invalidity contentions, other than as expressly permitted in paragraph 3-6, may be made only by order of the presiding judge upon a showing of good cause. Good cause for the purposes of this paragraph may include newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references. A party seeking amendment of the preliminary or final infringement contentions or the preliminary or final invalidity contentions must include in its motion to amend a statement that the newly discovered accused instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references were not known to that party prior to the motion despite diligence in seeking out same.

Misc. Order No. 62 ¶ 3-7. A narrow exception exists for cases in which a party believes in good faith that an amendment is required following the issuance of a claim construction order. The relevant Local Patent Rule states:

> If a party claiming patent infringement believes in good faith that the presiding judge's claim construction ruling so requires, that party may serve final infringement contentions without leave of court that amend the party's

> preliminary infringement contentions with respect to the information required by paragraph 3-1 (a)(3) and (4) within 30 days from the date the presiding judge's claim construction ruling is filed.

Misc. Order No. 62 ¶ 3-6(a).

Failure to comply with the Local Patent Rules, including any requirements for infringement contentions, may result in appropriate sanctions. Misc. Order No. 62 ¶ 3-1(b). Because the Local Patent Rules are "essentially a series of case management orders," a court may impose any "just" sanction, including "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). In deciding whether to strike infringement contentions, courts find the following factors probative: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009).

### III. Analysis

#### a. Whether Dali's Infringement Contentions Comply with Local Patent Rules

##### i. Timeliness

CommScope alleges that the Second Amended Infringement Contentions do not satisfy the good faith requirement under Misc. Order No. 62 ¶ 3-6(a), and are therefore untimely. CommScope does not dispute that the Second Amended Infringement Contentions were filed before the end of the 30 day deadline, established by Misc. Order No. 62 ¶ 3-6(a). However, CommScope contends that Misc. Order No. 62 ¶ 3-6(a) is not applicable. CommScope cites case

4

law from the Eastern District of Texas, interpreting an identical local rule, holding that a party may not amend infringement contentions without leave of court unless the court adopts unexpected or unforeseeable claim constructions. Here, CommScope alleges that the constructions adopted by the Court were not unexpected or unforeseeable, because the Court merely adopted CommScope's proposed constructions.

Dali contends that the Second Amended Contentions satisfy the good faith requirement under Misc. Order No. 62 ¶ 3-6(a), were filed within 30 days of the Claim Construction Order, and are therefore timely. Dali does not contend that the Court's claim constructions were unexpected. Instead, Dali argues that the Court is not bound by the interpretations of an identical rule put forward by courts in the Eastern District of Texas. Dali does not give any reason for the Court to disregard the persuasive authority cited by CommScope, and does not propose an alternative reasonable interpretation of Misc. Order No. 62 ¶ 3-6(a).

Regarding the Third Amended Infringement Contentions, the parties agree that Misc. Order No. 62 ¶ 3-6(a) does not apply, and that service was untimely. However, Dali alleges the Third Amended Infringement Contentions should not be stricken, because it represents a good faith effort to resolve the alleged deficiencies of the Second Amended Infringement Contentions.

Interpreting an identical local rule to Misc. Order No. 62 ¶ 3-6(a), courts in the Eastern District of Texas have held that a proposed amendment to an infringement contention is made in good faith only if the movant can show that the claim construction adopted by the court was unexpected or unforeseeable. *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007); *see also Tyco Healthcare Group LP v. Applied Med. Res. Corp.*, 2010 LEXIS 147330, at *9-10 (E.D. Tex. Feb. 22, 2010). Under this standard, the adoption of an opposing party's claim construction is not sufficient to support the movant's claim that it was surprised by the court's

5

ruling.  *Cell & Network Selection LLC v. AT&T*, 2014 WL 3671029, at *2 (E.D. Tex. July 27, 2014).  This interpretation has been adopted because allowing a party to amend after every claim construction order would destroy the effectiveness of the Local Rules in balancing the discovery rights and responsibilities of the parties.  *See Finisar v. DirecTV Group, Inc.,* 424 F.Supp.2d 896, 900 (E.D. Tex. 2006).  Further, The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush."  *STMicroelectronics, Inc. v. Motorola, Inc.,* 307 F.Supp.2d 845, 849 (E.D. Tex. 2004).

This Court has previously adopted interpretations of identical local patent rules put forward by courts in the Eastern District of Texas.  *See iLife Techs., Inc.*, 2017 LEXIS 87769, at *61-62.  There is no apparent reason to depart from that practice here.

Here, Dali does not contend that the claims construction adopted by the Court were unexpected.  Therefore, Dali does not satisfy the good faith requirement of Misc. Order No. 62 ¶ 3-6(a), and was required to seek leave to amend before serving the Second or Third Amended Infringement Contentions.  Dali did not seek leave to amend before filing the Second or Third Amendment Amended Infringement Contentions. Therefore, Dali's service of the Second and Third Amendment Amended Infringement Contentions did not comply with the Local Patent Rules, and was untimely.

### ii.  Specificity

CommScope argues that even if the Court did not enforce the more limited interpretation of Misc. Order No. 62's time limits, both the Second and Third Amended Infringement Contentions should be stricken because they fail to sufficiently identify the accused instrumentalities as required by Misc. Order No. 62 ¶ 3-1(a)(2)-(3).  CommScope alleges that the

Second and Third Amendment Amended Infringement Contentions are both exceedingly vague, and do little more than copy-and-paste the Court's claim constructions into Dali's Preliminary Infringement Contentions. CommScope also argues that the Second and Third Amended Infringement Contentions should be stricken because they represent a fundamental shift in Dali's infringement theory.

Dali argues that the Second and Third Amended Infringement Contentions provide sufficient detail to satisfy the specificity requirements of Misc. Order No. 62 ¶ 3-1(a)(2)-(3), and do little more than add clarity and detail to its existing contentions. Dali also argues that any lack of specificity in its infringement contentions relating to the '521 patent are due to CommScope's failure to timely respond to discovery requests. Dali claims that CommScope's failure to timely respond to interrogatories and document production requests relating to the '521 patent prevented Dali from gaining access to the information necessary to more specifically identify the accused instrumentalities.

The Court finds that the Second and Third Amended Infringement Contentions do not put forward a new theory of infringement, but also do not sufficiently give notice of the theory of infringement put forward by Dali regarding the '521 patent. Misc. Order No. 62 ¶ 3-1(a)(3) requires Dali to provide charts that identify specifically and in detail where each element of each claim is within the accused product. Here, the examples provided by CommScope sufficiently prove that Dali did little more than copy-and-paste language from CommScope's product literature and the Court's claim constructions into the charts included in the Second and Third Amended Infringement Contentions. Although the use of language from product literature is permitted, this type of copy-and-paste procedure is insufficient to identify specifically and in detail where each element of each claim is within the accused product. *See Rapid Completions*

*LLC v. Baker Hughes Inc*, No. 2016 WL 3407688, at *3 (E.D. Tex. June 21, 2016). Therefore, Dali's Second and Third Amended Infringement Contentions do not comply with the specificity requirement of the Local Patent Rules.

### b. Whether to Strike Dali's Infringement Contentions

CommScope requests that the Court strike the Second and Third Amended Infringement Contentions and dismiss Dali's counterclaim. Dali requests that the Court not strike the Second and Third Amended Infringement Contentions, or alternatively grant Dali leave to amend. Although Dali's Second and Third Infringement Contentions do not comply with the Local Patent Rules, the relevant factors weigh in favor of granting Dali leave to amend.

First, Dali provides good reason for its failure to satisfy the Local Patent Rules. Dali alleges that its failure to include the requisite specificity regarding its theory of infringement is a result of CommScope's failure to timely respond to discovery requests. Dali now has access to the documents requested and answers to the relevant interrogatories, and should therefore be able to provide the specificity required by the Local Patent Rules. Next, the information that would be excluded is essential to the dispute. If the Court were to strike Dali's Second and Third Amended Infringement Contentions, the Court would have to dismiss the relevant counterclaim. The Court finds this result unnecessarily harsh. Further, although certain strategic options have been lost, CommScope will not suffer material prejudice if Dali is granted leave to amend because CommScope has been on sufficient notice of the general nature, contours, and direction of the contentions, and of the limited number of instrumentalities being accused. Finally, although there is a potential impact on the judicial proceedings if a continuance were to be granted, the parties agree that no continuance is necessary.

Therefore, the Court strikes Dali's infringement, but gives it leave to amend.

Accordingly, by October 5, 2018 Dali is directed to serve amended infringement contentions that satisfy the specificity requirements of the Local Patents Rules. **Conclusions**

For the reasons stated above, the Motion to Strike is **GRANTED IN PART**, but Dali is directed to amend its infringement contentions as designated herein.

**SO ORDERED.**

September 21, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE