IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMMSCOPE TECHNOLOGIES LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § | Civil Action No. 3:16-cv-00477-M |
| DALI WIRELESS INC., | | |
| Defendant. Counterclaim Plaintiff | § § § § § | |
| v. | § § | |
| COMMSCOPE CONNECTIVITY LLC | § § § | |
| Counterclaim Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Protective Order (ECF No. 497), filed by CommScope Technologies LLC ("CommScope"), and the Motion to Compel Accounting of CommScope's Sales of Infringing Products (ECF No. 503), filed by Dali Wireless Inc. ("Dali"). On July 21, 2022, the Court held a hearing on the Motions. For the following reasons, CommScope's Motion for Protective Order is **GRANTED**, and Dali's Motion to Compel is **DENIED**.

1. **BACKGROUND**

CommScope filed suit against Dali alleging infringement of five of CommScope's patents relating to telecommunications technology. Dali counterclaimed, alleging CommScope and CommScope Connectivity LLC infringed two of Dali's patents also relating to telecommunications technology. In June of 2019, the case was tried to a jury, which found that

1

Dali willfully infringed four patents in the '982 patent family,[1] and willfully infringed U.S. Patent No. 7,848,747.[2] ECF No. 402. The jury awarded royalties to compensate CommScope for Dali's infringement. The jury also found that CommScope and CommScope Connectivity LLC infringed U.S. Patent Nos. 9,531,473 ("the '473 patent"), and 9,031,521 ("the '521 patent"), and awarded royalties to compensate Dali for the infringement. The Court subsequently denied CommScope's Motion for Judgment as a Matter of Law, holding, *inter alia*, that CommScope was not entitled to judgment as a matter of law that it did not infringe the '521 patent. ECF No. 486. As part of their post-trial motions, neither party asked the Court to require an accounting or for payment of royalties for sales of any infringing products sold after April of 2019.

On May 11, 2020, the Court entered judgment. ECF No. 489 ("Judgment"). The Judgment awarded CommScope $1,976,812.44 for Dali's infringement of CommScope's '982 patent family and '747 patent; $3,953,624.88 in enhanced damages in addition to the damages awarded by the jury; and pre- and post-judgment interest. *Id*. at 2. The Court also granted CommScope injunctive relief to enjoin Dali from future infringement of CommScope's patents. *Id*. The Judgment awarded Dali $2,388,002.77 for CommScope's infringement of Dali's '473 patent based on sales of CommScope's ION-E product; $6,612,321.50 for CommScope's infringement of Dali's '521 patent; and pre- and post-judgment interest. *Id*. The Court stayed execution of the monetary judgment, as follows:

> The Court, having been advised of the parties' joint request for a stay of the monetary judgments, STAYS execution on CommScope's and Dali's monetary judgments pending appeal.

*Id.*

---

[1] Specifically, U.S. Patent Nos. 7,639,982; 8,326,218; 8,577,286; and 9,332,402 (collectively, the "'982 patent family").
[2] The Court previously found that Dali infringed Claims 7, 8, and 10 of U.S. Patent No. 7,848,747, which the jury found to be willful.

Both sides appealed. On August 21, 2021, the Court of Appeals for the Federal Circuit reversed the district court's denial of CommScope's motion for judgment as a matter of law that CommScope did not infringe Dali's '521 patent, and affirmed the Judgment of the district court in all other respects. ECF Nos. 493, 494; *see also CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289 (Fed. Cir. 2021).

Following the appeal, the parties engaged in post-judgment discovery. CommScope posits that, after taking into account the Federal Circuit's decision, as a matter of law, that CommScope does not infringe the '521 patent, and offsetting each side's respective judgments against one another, CommScope is a judgment creditor entitled to approximately $3.5 million from Dali.[3] On October 20, 2021, CommScope served discovery requests and a deposition notice on Dali, seeking information relating to assets, for execution of the Judgment. That same day, Dali served its own discovery requests and a deposition notice on CommScope, seeking an accounting and information concerning CommScope assets and product sales.

On November 12, 2021, CommScope filed its Motion for Protective Order, arguing that Dali's requests for discovery are improper and premised on Dali seeking an accounting and additional royalties based on ongoing product sales, despite the Judgment not providing for either. On November 15, 2021, Dali moved to compel an accounting of CommScope's continuing sales relating to the ION-E and ERA products, which Dali contends is immaterially different from the ION-E product that the jury found infringes the '473 patent. Dali further contends that the jury implicitly awarded a running royalty, which should be used to calculate

---

[3] Under the Court's original Judgment, CommScope was awarded approximately $6 million, and Dali was awarded approximately $2.5 million for infringement of the '473 patent, and $6.9 million for infringement of the '521 patent, plus associated pre- and post-judgment interest on both sides. By reversing this Court on the '521 patent, the Federal Circuit left Dali with only the $2.5 million awarded for infringement of the '473 patent, which results in an award for CommScope of approximately $3.5 million when offset against CommScope's $6 million award under the Judgment.

Dali's compensation for post-verdict infringement. The Court stayed all discovery efforts by Dali—including depositions, written discovery, and any deadlines for CommScope to respond to discovery requests already served—pending full briefing and resolution of the Motions. ECF No. 506.

## 2. ANALYSIS

The resolution of both Motions depends on the same core issue, namely, whether Dali is entitled to an accounting and royalties based on post-Judgment sales of CommScope products. The Court concludes that, even if the jury awarded a royalty to Dali based on post-judgment sales of infringing CommScope products, which the Court doubts, Dali has waived any right to seek an accounting or ongoing royalty.

The jury did not expressly award a running royalty, but rather a lump sum amount to compensate Dali for CommScope's use of the asserted claims:

> QUESTION NO. 14:
>
> What royalty has Dali proven by a preponderance of the evidence would have been agreed to at a hypothetical negotiation taking place on December 27, 2016 to compensate Dali for CommScope's use of the asserted claims of the '473 patent?
>
> Answer in dollars and cents: $2,388,002.77

ECF No. 402 at 14.

Dali did not seek an accounting or ask for an ongoing royalty in its post-trial briefing, but instead moved for pre- and post-judgment interest, and judgment on the issues on which CommScope received a favorable jury verdict. *See* ECF Nos. 441, 446. The parties submitted an almost-agreed proposed judgment, disputing only the total amount of damages awarded to CommScope; in the proposed judgment, Dali did not request an accounting or specify that it would subsequently seek an additional or ongoing royalty. ECF No. 487. The Judgment entered, which closely tracks the parties' proposed judgment, does not reserve the issue of an

4

accounting or supplemental damages pending resolution of the appeal, but rather retains jurisdiction solely "to ensure that the Court's Judgment is fully and properly implemented." Judgment at 3.  Moreover, Dali appealed pursuant to 28 U.S.C. § 1295(a)(1)—"an appeal from a final decision of a district court"—as opposed to 28 U.S.C. § 1292(a)(2)—"an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting." *See CommScope Techs. LLC v. Dali Wireless Inc.*, Case No. 20-1817, ECF No. 27 at 13 (Fed. Cir. Oct. 27, 2020).

Dali now contends that it is entitled to ongoing royalties, and that the Court should use the jury's verdict and the total sales of ION-E from December 27, 2016, through April 2019, to conclude that the jury implicitly awarded Dali an ongoing royalty rate of 4% of future sales. ECF No. 504 at 19.  For support, Dali points to cases indicating that a patentee does not waive its right to ongoing royalties for post-verdict infringement by not including in the complaint any claim for post-verdict damages or an accounting, or by not requesting post-verdict damages from the jury.  *E.g.*, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1380–81 (Fed. Cir. 2013); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1213 (Fed. Cir. 2010); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 3034655, at *1–4 (E.D. Tex. July 18, 2017).

As an initial matter, the Court is not convinced that the jury awarded a 4% running royalty to compensate Dali for future infringement.  The jury did not adopt either side's specific damages proposals, and although both sides argued for a royalty based on product sales, the jury heard evidence and argument supporting various forms that such a royalty could take, including a combination of upfront payment and running royalty.  *E.g.*, Trial Tr. Vol. 9 (ECF No. 417) at

86–87. Moreover, neither side argued for a 4% royalty. *Id.* at 102–05, 142–43. Accordingly, it is impossible to know what the jury intended by its award, given that neither the proposed instructions nor the verdict form describe a running royalty or using the jury award as a basis for calculating ongoing royalties for future infringement.[4] At minimum, too much time has elapsed so as to be able to accurately calculate a running royalty from the trial record.

Moreover, the cases Dali relies on are distinguishable, and all involve instances in which the patentee moved for an accounting or ongoing royalties in post-trial motions (*Power Integrations* and *Finjan*) or prior to appeal (*UroPep*). Dali points to no cases akin to the situation presented here, where Dali never raised the issue of ongoing royalties or an accounting pre- or post-trial or during the appeal, and instead sought to compel an accounting only after the appeal was concluded.

Accordingly, the Court concludes that even if the jury had awarded a running royalty, by waiting until after the appeal, Dali has waived its right to seek ongoing royalties and an accounting, which are undisputedly not provided by the Judgment. The Judgment was entered on May 11, 2020, and as discussed, makes no reference to an accounting or an ongoing royalty for infringement of the '473 patent. Dali seemingly concedes that the Judgment does not provide for an ongoing royalty, and instead asks that it be "adjusted" to reflect ongoing infringement and associated damages under a running royalty. ECF No. 504 at 9.

---

[4] The jury was instructed to award damages "adequate to compensate the patent holder for the infringement." ECF No. 401 at 36. The jury instructions defined "reasonable royalty" as "the amount a patent holder and an alleged infringer would have agreed upon as a fee for use of the invention at the time prior to when infringement began." *Id.* at 37. The jury was further instructed that "[d]amages commence on the date that the alleged infringer has both infringed and been notified of the alleged infringement," but otherwise provided no instruction as to the temporal significance of the jury's damages award, *i.e.*, whether it would cover all infringement, or only infringement up to the date of judgment. *See id.* at 42. Neither the jury instructions nor the verdict form specify that the jury should or may award a running or ongoing royalty. Dali did not object to the jury instructions or the verdict form on these grounds. *See* Trial Tr. Vol. 8 (ECF No. 416) at 4–17.

Federal Rules of Civil Procedure 59 and 60 control when a judgment may be amended or altered. Under Rule 59(e), a party may move to amend a final judgment no later than 28 days after the entry of the judgment. Under Rule 60(b), a court may relieve a party from a final judgment for various reasons, but under Rule 60(b)(1)–(3), a party must move within a year after the entry of judgment.[5] Dali first sought to modify the May 10, 2020, Judgment approximately eighteen months after it was entered[6]; accordingly, Dali's request is facially untimely applying either the 28-day deadline in Rule 59(e) or the one-year deadline in Rule 60(b).

Dali makes several arguments in response. First, Dali points to the fact that, on the parties' request, the Court stayed execution of the monetary judgment pending appeal. *See* Judgment at 2. Dali contends that the stay left the issues of ongoing royalties and an accounting open while the appeal was pending, and that once the Federal Circuit issued its decision in August of 2021, Dali promptly sought to compel an accounting to realize its damages for post-Judgment infringement.

The Court disagrees. The Judgment's plain language indicates that the stay is limited to execution of the parties' respective monetary judgments, and did not stay the entire case. Moreover, the language of the stay does not reference anything else, let alone entitlement to ongoing royalties or an accounting. Accordingly, the Court concludes that the stay of the execution of the monetary awards in the Judgment did not absolve Dali of its obligation to timely seek any ongoing royalties or accounting to which it may have been entitled. Dali provides no authority indicating that it is entitled to wait until after the appeal was complete to assert an

---

[5] The one-year limitation does not apply to Rule 60(b)(4)–(6). However, because Dali contends that Rules 59 and 60 are "inapposite," the Court concludes that Rule 60(b)(4)–(6) are not implicated by Dali's Motion.

[6] The Court notes that Dali has not yet formally moved pursuant to Rule 59 or 60 to modify the Judgment. However, for purposes of discussion, the Court assumes Dali's Motion to Compel an Accounting, filed on November 15, 2021, implicitly requests that the Judgment be amended so as to provide for such an accounting.

additional right, remedy, or entitlement, including the right to an accounting. Instead, the proper time to seek post-verdict damages and an accounting would have been as part of post-trial motions—which is what happened in *Finjan* and *Power Integrations*—so it could be incorporated into the Judgment.[7] Dali provides no explanation for why it did not earlier move for ongoing royalties and an accounting. Because Dali did not move for an ongoing royalty or an accounting as part of its post-trial motions, there was no "open" issue to reserve for the Court to resolve once the appeal concluded. Put differently, Dali cannot hide behind the language of an unrelated stay to raise new, previously unmentioned issues for the first time post-appeal. To conclude otherwise is contrary to both the language of the Judgment and the finality of judgments after an appeal is concluded.

To that end, Dali cannot rely on the Federal Circuit's mandate as a basis to revisit the Judgment to add its entitlement to an accounting or ongoing royalty payments based on infringement of the '473 patent. "An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999). "Unless remanded . . . , all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication." *Id.*

The Judgment entered in this case awarded Dali damages and pre- and post-judgment interest for infringement of the '473 patent. Damages and an accounting for post-verdict

---

[7] In *UroPep*, the Court resolved the question of ongoing royalties after judgment had been entered: "the Court explained in a telephonic conference . . . shortly before the judgment was entered, that the Court would address the issue of ongoing royalties in an amended judgment following the parties' briefing of that issue" and "made clear that it contemplated addressing the ongoing royalties issue separately from the initial judgment." 2017 WL 3034655, at *2. The Court thus found there was "no force" to the suggestion that the Court's initial judgment terminated the patentee's rights to ongoing royalties. *Id.* That is not the case here, where Dali did not, prior to resolution of the appeal, raise the issue, or request that the Court amend the Judgment to incorporate ongoing royalties. The salient point is that the question of ongoing royalties was resolved by the court in *UroPep* prior to appeal, regardless of whether it was included in an initial or amended judgment.

8

infringement fell within the scope of that Judgment; as discussed, Dali could have sought an ongoing royalty and an accounting as part of its post-trial motions, but it did not. Moreover, the fact that post-verdict infringement falls within the scope of the Judgment is evidenced by the inclusion of injunctive relief against Dali for ongoing infringement of CommScope's patents. *See* Judgment at 2.

The Federal Circuit reversed this Court on one issue, infringement of the '521 patent, and remanded no issue for further proceedings. Accordingly, there is no basis in the Federal Circuit's mandate to reopen anything, including Dali's entitlement to an ongoing royalty; because that issue fell within the scope of the Judgment, it is "precluded from further adjudication." *See Engel*, 166 F.3d at 1383.

However, the Court concludes that the Judgment must be amended in light of the Federal Circuit's opinion, to remove Dali's award and associated pre- and post-judgment interest for infringement of the '521 patent. An amended judgment will be entered. However, any motions to revise that amended judgment under Rule 59 and 60 must be limited to the amendments made by the Court; other such motions will be summarily denied. The Federal Circuit's decision regarding the '521 patent does not give the parties full license to revisit all unchanged aspects of the Judgment, which have already been appealed and affirmed.

### 3. CONCLUSION

For the foregoing reasons, CommScope's Motion for Protective Order is **GRANTED**, and Dali's Motion to Compel Accounting is **DENIED**. Within fourteen days of the date of this Order, the parties shall advise the Court of their positions regarding the appropriate amount of pre-judgment interest due Dali for infringement of the '473 patent.

**SO ORDERED**.

September 22, 2022.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE